**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JONG PIL REE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2022-cv-4284 |
| | ) | |
| CITY OF CHICAGO, Detective JERAD TIM | ) | **JURY DEMAND** |
| Star #21137, Detective PETER KONTIL Star #1391 | ) | |
| Detective EMILY RODRIQUEZ Star #20969, | ) | |
| Officer GWENDOLYN PEREZ Star #3474, | ) | |
| Officer KELLY BROGAN Star #1375, | ) | |
| Officer T. RAMIREZ Star # 10974, | ) | |
| Officer J. LOPEZ Star #15739, | ) | |
| Detective M. MARKOPOULOS Star #20736, | ) | |
| Detective CHO Star #20276, | ) | |
| Officer B LNU Star#5638, and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, JONG PIL REE, by and through his attorney, LAW OFFICE OF SAMUEL SHIM, for his complaint against the CITY OF CHICAGO, a municipal corporation, and Detective JERAD TIM Star #21137, Detective PETER KONTIL Star #1391,Detective EMILY RODRIQUEZ Star #20969, Officer GWENDOLYN PEREZ Star 3474, Officer KELLY BROGAN Star #1375, Officer T. RAMIREZ Star # 10974, Officer J. LOPEZ Star #15739, Detective M. MAKRKOPOULOS Star #20736, Detective CHO Star #20276, Officer B LNU Star#5638, and UNKNOWN CHICAGO POLICE OFFICERS, individually and as agents, servants, and/or employees of city of Chicago (collectively "Defendants"), states as follows:

**Introduction**

1. This action is brought pursuant to, *inter alia*, 42 U.S.C. Section 1983 to redress the

1

deprivation under color of law of plaintiff's rights as secured by the United States Constitution and the Illinois Constitution.

2.  As a result of the defendants' malfeasance, including but not limited to, unlawful arrest and fabrication of evidence, Plaintiff JONG PIL REE was unlawfully detained at the Cook County Jail for over two years awaiting trial after which the Cook County prosecutors dismissed the charges against the plaintiff.

3.  In all, plaintiff REE spent over thirty (30) months in the custody in the Cook County Department of Corrections.

4.  As a direct and proximate result of the acts of the defendants described herein, plaintiff has suffered and continues to suffer damages, including loss of his physical liberty, emotional distress, and other nonpecuniary losses.

5.  Plaintiff brings this action seeking compensatory damages to remedy his injuries as well as punitive damages against each defendant.

### PARTIES, JURISDICTION and VENUE

6.  Plaintiff is a resident of this judicial district.

7.  Defendant City of Chicago, is an Illinois Municipal Corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant Chicago Police Officers. If the plaintiff should prevail on her claims, defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims and must indemnify defendant Chicago Police Officers on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

8.  Individual defendants and Unknown Chicago Police Officers, upon information and belief, are residents of Chicago, Cook County, Illinois and were employed by the defendant

2

City of Chicago as police officers during the relevant time period acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

9.   This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the United States Constitution.

10. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district. In addition, Plaintiff's criminal case was investigated, tried, and appealed in this judicial district, such that a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

12. At the time when the events giving rise to this case occurred, plaintiff REE was a lawful permanent resident having escaped the brutal North Korean regime.

13. Presently, plaintiff REE is self-employed.

14. The individual defendants, upon information and belief, are duly appointed and sworn Chicago police detectives and officers and employees of the Chicago Police Department or were employees at the time of the events described in this case.

15. All individual defendants are sued in their individual capacities.

### Factual Allegations

16. On or about January 18, 2019, the plaintiff was arrested by the members of the Chicago Police Department and subsequently charged with three counts of predatory criminal sexual assault.

17. The plaintiff does not speak nor understand the English language.

18. The said arrest of the plaintiff by the members of the Chicago Police Department was without probable cause.

19. During the subsequent interrogation conducted by the members of the Chicago Police Department, the plaintiff was not provided the services of a qualified interpreter who was fluent in the Korean language.

20. Subsequent to the unlawful interrogation, plaintiff was charged with three counts of aggravated criminal sexual assault.

21. On February 21, 2019, the plaintiff appeared before the presiding judge in the Cook County Circuit Court, Criminal Division, where the case was assigned to Honorable Stanley Sacks.

22. On or about February 28, 2019, REE was formally arraigned before Judge Sacks and REE entered a plea of NOT GUILTY to the charges in case number 19CR240501.

23. Public Defender's Office was appointed to represent REE

24. REE was then remanded to the custody of Cook County Department of Corrections.

25. Thereafter, REE remained in custody until August 13, 2021.

26. On August 13, 2021, the prosecution moved to *nolle prosequi* all of the charges pending against REE.

27. Plaintiff REE has continuously been in custody since January 18, 2019 until August 13, 2021.

## Count I - 42 U.S.C. § 1983

### Fourth Amendment-Arrest and Detention without Probable Cause

28. Plaintiff re-alleges and incorporates each paragraph of this complaint as if fully restated herein.

29. At the time of plaintiff's arrest, none of the arresting officers had a warrant authorizing the arrest of the plaintiff.

30. At the time of the arrest, none of the arresting officers believed that a warrant had been issued authorizing the arrest of the plaintiff.

31. At the time of the arrest, none of the arresting officers had observed plaintiff commit any criminal offense.

32. At the time of the arrest, none of the arresting officers had received any information from any source that plaintiff had committed any criminal offense as it relates to the complaining witness.

33. Upon information and belief, after arresting the plaintiff, the arresting officers and other members of the Chicago Police Department conspired and agreed to fabricate a story in an attempt to justify the unlawful arrest, and to cause the plaintiff to be wrongfully detained and prosecuted.

34. The acts of the arresting officers and detectives in furtherance of their scheme to justify their false arrest and wrongful detention and prosecution included the following:

i.   One or more of the arresting officers and detectives prepared police reports containing false account of how and where plaintiff was placed under arrest;

ii.  One or more of the arresting officers and detectives attested through the official police reports regarding the false account of the circumstances of plaintiff's arrest;

iii. One or more of the arresting officers and detectives communicated the false narrative to the prosecutors which resulted in plaintiff's wrongful detention and prosecution for the crime he did not commit.

35. Each of the wrongful acts of the arresting officers and detectives was performed with the

knowledge that the acts would cause plaintiff to be wrongfully held and falsely prosecuted for an offense that he did not commit.

36. The actions of the defendants in falsely arresting and detaining plaintiff resulted in plaintiff being wrongfully prosecuted and convicted.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

### Count II - 42 U.S.C. § 1983

### Violation of Due Process under the Fourteenth Amendment

37. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully restated herein.

38. Defendants, despite knowing that probable cause did not exist to arrest and prosecute plaintiff for the alleged assault on the complaining witness, acted individually and in concert to cause plaintiff to be arrested and prosecuted for that crime, thereby violating plaintiff's right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free of unreasonable searches and seizures and to due process.

39. Specifically, despite the fact that the defendants were aware of information that probable cause did not exist to arrest plaintiff, the defendants intentionally caused plaintiff to be arrested and prosecuted for the alleged assault on the complaining witness

40. Defendants knew or should have known prior to arresting plaintiff that the complaining witness had not alleged any criminal conduct, let alone any improper conduct on part of plaintiff.

6

41. Upon information and belief, defendants knew or should have known that the medical personnel could not find any medical evidence of sexual assault by the plaintiff upon the complaining witness.

42. Defendants knew or should have known that plaintiff told them that he did not commit any criminal acts against the complaining witness and denied any and all allegations made against him, yet the defendants did not document nor memorialize plaintiff's statements.

43. The defendants performed the above-described acts deliberately, with reckless disregard for the truth, and with malice.

44. As a direct and proximate result of the defendants' actions plaintiff was detained and imprisoned and was deprived of his freedom for more than 30 months, and suffered the other grievous and continuing injuries and damages as set forth above.

WHEREFORE, plaintiff demands judgment against these defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

### Count III - 42 U.S.C. § 1983

### *Monell* Claim against City of Chicago

45. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully restated herein.

46. Upon information and belief, the actions of defendants, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of the Defendant City of Chicago and its Police Department.

47. Upon information and belief, at all times material to this complaint, defendant City of

Chicago and its Police Department had interrelated *de facto* policies, practices, and customs which included, *inter alia*:

    i.    filing false reports and giving false statements and pursuing and obtaining wrongful prosecutions and false imprisonments on the basis of such reports and statements;

    ii.    the failure to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who were repeatedly accused of wrongful imprisonments, malicious prosecutions and wrongful convictions and of making false reports and statements;

    iii.    the police code of silence, specifically in cases where police officers refused to report or otherwise covered up instances of police misconduct, and/or the fabrication, suppression and destruction of evidence of which they were aware, despite their obligation under the law and police regulations to do so;

    iv.    covering up, suppressing and withholding exonerating, exculpatory, and/or other evidence favorable to criminal defendants.

48. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, encouraged, *inter alia*, the fabrication, manipulation, and alteration of evidence, the making of false statements and reports, the giving of false testimony, and the pursuit and continuation of wrongful convictions and false arrests and imprisonments, and were, separately and together, a direct and proximate cause of the unconstitutional acts committed by the named defendants and their co-conspirators, and the injuries suffered by the plaintiff.

49. Additionally, said failure to properly train, discipline, monitor, control, assign, transfer, supervise, and counsel the police defendants was done with deliberate indifference and

likewise acted as a direct and proximate cause of the injuries to plaintiff.

50. On the basis of the foregoing, City of Chicago is liable to plaintiff for his injuries.

51. Upon information and belief, Municipal policy makers and department supervisors were aware of, and condone and facilitate by their inaction, a code of silence in the Chicago Police Department and the City of Chicago, by which officers fail to report and otherwise lie about misconduct committed by other officers, such as the misconduct at issue in this case.

52. Upon information and belief, the City of Chicago failed to timely act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite the actual knowledge of the same, thereby ratifying the unlawful practices and causing the types of injuries described herein.

53. Upon information and belief, the policies and practices described in the foregoing paragraphs were consciously approved at the highest policy making level for decisions involving the Citty of Chicago, and were a proximate cause of the injuries suffered here by the plaintiff.

54. On the basis of the foregoing, the City of Chicago is liable to plaintiff for his injuries.

WHEREFORE, plaintiff demands judgment against these defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

### Count IV-State law claim

### Malicious Prosecution

55. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully set forth herein.

56. The Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they made statements to prosecutors with the intent of exerting influence and to institute and continue the judicial proceedings.

57. The Defendant Officers and caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

58. Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that those statements were false and perjured.

59. The Defendant Officers were aware that, as described more fully above, no true or reliable evidence implicated Plaintiff in the alleged sexual assault of the complaining witness and all inculpatory evidence was coerced or fabricated.

60. The Defendant Officers withheld the facts of their manipulation and the resulting fabrications from Plaintiff.

61. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

62. The charges that were not supported by probable cause were instituted against Plaintiff were ultimately terminated in Plaintiff's favor.

63. As a direct and proximate cause of the aforesaid misconduct, plaintiff sustained and continues to sustain injuries, including pain and suffering.

WHEREFORE, plaintiff demands judgment against these defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

## Count V-State law claim

### Intentional Infliction of Emotional Distress

64. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully set forth herein.

65. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power or authority, and they were undertaken with an intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as alleged more fully above.

66. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer severe emotional distress.

WHEREFORE, plaintiff demands judgment against these defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

## Count VI-State law claim

### *Respondeat Superior*

67. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully set forth herein.

68. The acts of the defendants described in the claims specified above, were willful and wanton, and committed in the scope of their employment. Therefore, as the principal, the Defendant City of Chicago is liable for its agents' actions under the doctrine of *respondeat superior*.

11

WHEREFORE, Plaintiff demands judgments against the CITY OF CIERO and such other and additional relief that this Honorable Court deems just and equitable.

## Count VII

### Indemnification

69. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully set forth herein.

70. At all relevant time period, defendant detectives and officers were employees of Defendant City of Chicago.

71. The above-described acts of defendants were willful and wanton.

72. The above-described acts of Defendants were committed in the scope of their respective employment.

73. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the actions of defendant detectives.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant City of Chicago to indemnify defendant detectives for any judgment entered in this case arising from the actions of defendant detectives.

Respectfully submitted,

*/s/ Samuel Shim*
SAMUEL SHIM

LAW OFFICE OF SAMUEL SHIM
Attorney for Plaintiff
5005 Newport Drive, Suite 404
Rolling Meadows, IL 60008
(847) 427-0033
Email: sshim.law@gmail.com

12