## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JONG PIL REE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.2022-cv-4284 |
| | ) | |
| CITY OF CHICAGO, Detective JERAD TIM | ) | **JURY DEMAND** |
| Star #21137, Detective PETER KONTIL Star #1391 | ) | |
| Detective EMILY MERIDA RODRIGUEZ | ) | |
| Star #20969, | ) | Honorable Lindsay C. Jenkins |
| Officer GWENDOLYN PEREZ Star #3474, | ) | |
| Officer KELLY BROGAN Star #1375, | ) | |
| Officer TONY RAMIREZ Star # 10974, | ) | |
| Officer JOSEPH LOPEZ Star #15739, | ) | |
| Detective MARINA MAKROPOULOS | ) | |
| Star #20736,Detective SEUNG CHO Star #20276, | ) | |
| Officer BRETT KIM, Star#5638, and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, JONG PIL REE, by and through his attorney, LAW OFFICE

OF SAMUEL SHIM, for his complaint against the CITY OF CHICAGO, a municipalcorporation,

and Detective JERAD TIM Star #21137, Detective PETER KONTIL Star #1391,Detective

EMILY MERIDA RODRIGUEZ Star #20969, Officer GWENDOLYN PEREZ Star 3474,

Officer KELLY BROGAN Star #1375, Officer TONY RAMIREZ Star # 10974, Officer JOSEPH

LOPEZ Star #15739, Detective MARINA MAKROPOULOS Star #20736,Detective SEUNG

CHO Star #20276,Officer BRETTKIM Star#5638, and UNKNOWN CHICAGO POLICE

OFFICERS, individually and as agents, servants, and/or employees of city of

Chicago(collectively "Defendants"), states as follows:

1

## Introduction

1.  This action is brought pursuant to, *inter alia*, 42 U.S.C. Section 1983 to redress the deprivation under color of law of plaintiff's rights as secured by the United States Constitution and the Illinois Constitution.

2.  As a result of the defendants' malfeasance, including but not limited to, unlawful detention and fabrication of evidence, Plaintiff JONG PIL REE wasunlawfully detained at the Cook County Jail for over two years awaiting trial after which the Cook County prosecutors dismissed the charges against the plaintiff.

3.  In all, plaintiff REE spent over thirty (30) months in the custody in the Cook County Department of Corrections.

4.  As a direct and proximate result of the acts of the defendants described herein, plaintiff has suffered and continues to suffer damages, including loss of his physical liberty and other nonpecuniary losses.

5.  Plaintiff brings this action seeking compensatory damages to remedy his injuries as well as punitive damages against each defendant.

## PARTIES, JURISDICTION and VENUE

6.  Plaintiff is a resident of this judicial district.

7.  Defendant City of Chicago, is an Illinois Municipal Corporation,duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant Chicago Police Officers. If the plaintiff should prevail on her claims, defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims and must indemnify defendant Chicago Police Officers on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

8.  Individual defendants and Unknown Chicago Police Officers, upon information and belief, are residents of Chicago, Cook County, Illinois and were employed by the defendant City of Chicago as police officers during the relevant time period acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

9.  This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the UnitedStates Constitution.

10. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district. In addition, Plaintiff's criminal case was investigated, charged and ultimately dismissed in this judicial district, such that a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

12. At the time when the events giving rise to this case occurred, plaintiff  REE was a lawful permanent resident having escaped the brutal North Korean regime.

13. Presently, plaintiff REE is self-employed.

14. The individual defendants, upon information and belief, are duly appointed and sworn Chicago police detectives and officers and employees of the Chicago Police Department or were employees at the time of the events described in this case.

15. All individual defendants are sued in their individual capacities.

## Factual Allegations

16. On or about January 18, 2019, the plaintiff was arrested by the members of the Chicago Police Department and subsequently charged with three counts of predatory criminal sexual

assault.

17. The plaintiff does not speak nor understand the English language.

18. Officers Ramirez and Lopez were the officers who arrested the plaintiff or about January 18, 2019.

19. The said arrest of the plaintiff by Officer Ramirez and Lopez was without probable cause.

20. Detectives Tim, Makropoulos and Cho, along with Officer Kim were assigned to plaintiff's case.

21. Detectives Cho, Tim, Markopoulos and Officer Kim, an Assistant State's Attorney from Cook County State's Attorney's Office along with one Veronica Pierce participated in the forensic interview of the complaining witness.

22. Upon information and belief, Officer Kim, who translated during the said interview, was not qualified to translate from English to Korean and from Korean to English.

23. Upon information and belief, Officer Kim did not accurately translate what various persons said during the said interview.

24. Subsequently, Detectives Tim and Makropoulos along with Officer Kim interrogated plaintiff at the 11th District police station.

25. During the interrogation conducted by Detectives Tim, Markopoulos and Officer Kim, the plaintiff was not provided the services of a qualified interpreter who was qualified to translate from English to Korean and vice versa.

26. During the said interrogation that lasted over three hours, Officer Kim did not correctly and accurately translate from English to Korean and from Korean to English.

27. Subsequent to the unlawful interrogation, plaintiff was charged with three counts of aggravated criminal sexual assault.

4

28. On February 21, 2019, the plaintiff appeared before the presiding judge in the Cook County Circuit Court, Criminal Division, where the case was assigned to Honorable Stanley Sacks.

29. On or about February 28, 2019, REE was formally arraigned before Judge Sacks and REE entered a plea of NOT GUILTY to the charges in case number 19CR240501.

30. Public Defender's Office was appointed to represent REE

31. REE was then remanded to the custody of Cook County Department of Corrections.

32. Thereafter, REE remained in custody until August 13, 2021.

33. On August 13, 2021, the prosecution moved to *nolle prosequi*all ofthe charges pending against REE.

34. Plaintiff REE has continuously been in custody since January 18, 2019 until August 13, 2021.

**Count I - 42 U.S.C. § 1983**

**Fourth Amendment**

**Detention without Probable Cause and Fabrication of Evidence**

35. Plaintiff re-alleges and incorporates each paragraph of this complaint as if fully restated herein.

36. At the time of plaintiff's arrest, none of the arresting officers, Ramirez and Lopes,had a warrant authorizing the arrest of the plaintiff.

37. At the time of the arrest, none of the arresting officers believed that a warrant had been issued authorizing the arrest of the plaintiff.

38. At the time of the arrest, none of the arresting officers had observed plaintiff commit any criminal offense.

39. At the time of the arrest, none of the arresting officers had received any information from any source that plaintiff had committed any criminal offense as it relates to the complaining witness.

40. Upon information and belief, after arresting the plaintiff, the arresting officers and other members of the Chicago Police Department, Detectives Tim, Markopoulos, Cho, Merida-Rodriguez jointly conspired and agreed to fabricate a story in an attempt to justify the unlawful arrest, and to cause the plaintiff to be wrongfully detained and prosecuted.

41. Upon information and belief, Supervising Officers Peter Kontil and Kelly Brogan approved the fabricated police reports submitted by Detectives Tim, Makropoulous, Cho and Merida-Rodriguez, knowing that the police reports were fabricated, false and/or inaccurate, or approved the same in reckless disregard for plaintiff's constitutional rights.

42. The acts of the arresting officers and detectives in furtherance of their scheme to justify their false arrest and wrongful detention and prosecution included the following:

    i.    Upon information and belief, one or more of the arresting officers and detectives jointly and in concert with one another prepared police reports containing false account of how and where plaintiff was placed under arrest;

    ii.    Upon information and belief, one or more of the arresting officers and detectives jointly and in concert with one another attested through the official police reports regarding the false account of the circumstances of plaintiff's arrest;

    iii.    Upon information and belief, one or more of the arresting officers and detectives jointly and in concert with one another, fabricated official police reports knowing that plaintiff's statements made during the interrogation were not truly and accurately translated from English to Korean and from Korean to English.

6

iv. Upon information and belief, one or more of the arresting officers and detectives jointly and in concert with one another, submitted official police reports attributing statements to plaintiff, knowingly or in reckless disregard of the accuracy of the said statements.

v. Upon information and belief, one or more of the arresting officers and detectives jointly and in concert with one another communicated the false narrative to the prosecutors which resulted in plaintiff's wrongful detention and prosecution for the crime he did not commit.

43. Each of the wrongful acts of the arresting officers and detectives was performed jointly and in concert with one another with the knowledge that the acts would cause plaintiff to be wrongfully held and falsely prosecuted for an offense that he did not commit.

44. The actions of the defendants in falsely arresting, detaining and fabricating evidence against plaintiff resulted in plaintiff being wrongfully prosecuted and convicted.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

### Count II-State law claim

### Malicious Prosecution

45. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully set forth herein.

46. Upon information and belief, Defendant Officers acting jointly and in concert with one another accused Plaintiff of criminal activity knowing those accusations to be without

7

genuine probable cause, and they made statements to prosecutors with the intent of exerting influence and to institute and continue the judicial proceedings.

47. Upon information and belief, Defendant Officers acting jointly and in concert with one another caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

48. Upon information and belief, statements of the Defendant Officers made jointly and in concert with one another regarding Plaintiff's alleged culpability were made with knowledge that those statements were false and perjured.

49. Upon information and belief, Defendant Officers were aware that, as described more fully above, no true or reliable evidence implicated Plaintiff in the alleged sexual assault ofthe complaining witness and all inculpatory evidence was coerced or fabricated.

50. Upon information and belief, Defendant Officers withheld the facts of their manipulation and the resulting fabrications from Plaintiff.

51. Upon information and belief, misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

52. The charges that were not supported by probable cause were instituted against Plaintiff were ultimately terminated in Plaintiff's favor.

53. As a direct and proximate cause of the aforesaid misconduct, plaintiff sustained and continues to sustain injuries, including pain and suffering.

WHEREFORE, plaintiff demands judgment against these defendants for compensatory damages, and, because these defendants acted maliciously, willfully, wantonly, and/or with

8

reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorneys' fees and such other relief as this Court deems equitable and just.

### Count III-State law claim

### *Respondeat Superior*

54. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully set forth herein.

55. The acts of the defendants described in the claims specified above, were willful and wanton, and committed in the scope of their employment. Therefore, as the principal, the Defendant City of Chicago is liable for its agents' actions under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff demands judgments against the CITY OF CIERO and such other and additional relief that this Honorable Court deems just and equitable.

### Count IV

### Indemnification

56. Plaintiff re-alleges and incorporates each paragraph of this amended complaint as if fully set forth herein.

57. At all relevant time period, defendant detectives and officers were employees of Defendant City of Chicago.

58. The above-described acts of defendants were willful and wanton.

59. The above-described acts of Defendants were committed in the scope of their respective employment.

60. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of

Chicago is liable for any judgments in this case arising from the actions of defendant detectives.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant City of Chicago to indemnify individual defendants for any judgment entered in this case arising from the actions of the defendants.

Respectfully submitted,

*/s/ Samuel Shim*
SAMUEL SHIM

LAW OFFICE OF SAMUEL SHIM
Attorney for Plaintiff
5005 Newport Drive, Suite 404
Rolling Meadows, IL 60008
(847) 427-0033
Email: sshim.law@gmail.com

10